1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

10
11

| | |
|---|---|
| DEBORA ROSE, | Case No. 1:15-cv-00619-SAB |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING MOTION FOR ATTONEY FEES |
| v. | |
| HEALTHCOMP, INC., | (ECF Nos. 7, 17, 18) |
| Defendant. | |

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Currently before the Court is Plaintiff's motion to remand this action to state court.

Oral argument on Plaintiff's motion to remand took place on August 5, 2015 at 10:00 a.m. in Courtroom 9 (SAB) before United States Magistrate Judge Stanley A. Boone. Counsel Amanda Whitten appeared telephonically on behalf of Plaintiff. Counsel Steven M. McQuillan appeared on behalf of Defendant. Having considered the moving, opposition and reply papers, the declarations and exhibits attached thereto, arguments presented at the August 5, 2015 hearing, as well as the Court's file, the Court issues the following order.

## I.

## BACKGROUND

Plaintiff Debora Rose filed this action in the Superior Court of California, County of Fresno on January 16, 2015. (ECF No. 2.) On April 21, 2015, Defendant removed the action to

1   the Eastern District of California on the ground that the state law claims (hereafter to avoid

2   confusion the Court shall refer to state law claims as the "cause of action") are preempted by the

3   Employee Retirement Insurance Security Act ("ERISA").  (ECF No. 1.)  On May 19, 2015,

4   Plaintiff filed a motion to remand.  (ECF No. 7.)  On May 20 and 26, 2015, the parties consented

5   to the jurisdiction of the magistrate judge.  (ECF Nos. 8, 11.)  Defendant filed an opposition on

6   July 22, 2015.  (ECF No. 17.)  Plaintiff filed a reply on July 23, 2015.  (ECF No. 18.)

7                                                    **II.**

8                                    **COMPLAINT ALLEGATIONS**

9       Plaintiff was employed by Harris Ranch Beef Company ("Harris Ranch") from

10  approximately September 23, 2004 to December 5, 2012.  (Compl. ¶ 1, ECF No. 2.)  Plaintiff

11  was employed as human resources representative and received health benefits as part of her

12  compensation.  (Id. at ¶ 6.)  Defendant HealthComp was the third party administrator for the

13  health benefits that were provided to Plaintiff during her employment with Harris Ranch.  (Id. at

14  ¶ 2.)

15      Plaintiff has suffered from a medical condition for a number of years and in December

16  2011, she became ill and was hospitalized for treatment.  (Id. at ¶ 7.)  Plaintiff was diagnosed

17  with liver failure due to her medical condition.  (Id.)  Plaintiff's medical providers determined

18  that she needed a liver transplant and placed her on a transplant waiting list.  (Id.)

19      Harris Ranch is self-insured for health benefits.  (Id. at ¶ 8.)  As part of the case

20  management services offered by Defendant HealthComp, they notify an employer when they see

21  an employee's health costs are rising.  (Id.)  This notification includes the employee's name, a

22  description of the medical condition, and an approximation of the cost of future healthcare.  (Id.)

23  Plaintiff believes that in March 2012, without her permission, Defendant HealthComp notified

24  her employer of her medical condition and the need for a liver transplant.  (Id.)

25      Defendant HealthComp also assigns a nurse case manager whose goal is to keep health

26  care claims costs down.  (Id. at ¶ 9.)  The nurse case manager informs the employee that she will

27  help the employee navigate the medical process.  (Id.)  The nurse case manager has the employee

28  sign a form authorizing Defendant HealthComp to access their medical records.  (Id.)  Plaintiff

1   was assigned a nurse case manager who had her sign a release of medical records form.  (<u>Id.</u> at ¶

2   10.)  Plaintiff was not told that her medical information would be shared with her employer.

3   (<u>Id.</u>)  Defendant HealthComp sent reports about Plaintiff's medical condition to her employer,

4   including private medical information, on a monthly basis for approximately nine months.  (<u>Id.</u>)

5         In December 2012, Plaintiff's employer received a report from Defendant HealthComp

6   indicting that her need for an expensive liver transplant had increased.  (<u>Id.</u> at ¶ 11.)  Plaintiff

7   was fired shortly after her employer received the report.  (<u>Id.</u>)  Plaintiff stopped communicating

8   with the nurse case manager shortly after being fired and the nurse case management file was

9   closed.  (<u>Id.</u> at ¶ 12.)  Several weeks after Plaintiff filed a lawsuit against her employer,

10  Defendant HealthComp reopened the file when Harris Farms asked for updates.  (<u>Id.</u>)  Plaintiff

11  believes that Defendant HealthComp used the prior medical authorization to access her medical

12  records and provide information to Harris Farms.  (<u>Id.</u>)

13        Plaintiff brings this action against Defendant HealthComp alleging invasion of privacy

14  and unfair business practices in violation of California law.

15                                          **III.**

16                                   **LEGAL STANDARD**

17        Under 28 U.S.C. § 1441, a civil action brought in a state court over which the federal

18  court has original jurisdiction may be removed by the defendants to federal court.  As relevant

19  here, federal courts have original jurisdiction over "all civil actions arising under the

20  Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

21        The proper procedure for challenging the removal to federal court is a motion to remand.

22  <u>Knutson v. Allis-Chalmers Corp.</u>, 358 F. Supp. 2d 983, 988 (D. Nev. 2005).  Motions to remand

23  are governed by 28 U.S.C. § 1447(c), which provides that "if any time before final judgment it

24  appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

25  Removal statutes must be construed narrowly in favor of remand to protect the jurisdiction of

26  state courts.  <u>Harris v. Bankers Life and Cas. Co.</u>, 425 F.3d 689, 698 (9th Cir. 2005).  "Federal

27  jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."

28

1    Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Libhart v. Santa Monica Dairy Co.,

2    592 F.2d 1062, 1064 (9th Cir. 1979)).

3         On a motion to remand, the removing defendant faces a strong presumption against

4    removal, and bears the burden of establishing that removal was proper.  Gaus, 980 F.2d at 567;

5    California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir.) opinion amended on

6    denial of reh'g, 387 F.3d 966 (9th Cir. 2004);  Abrego Abrego v. The Dow Chemical Co., 443

7    F.3d 676, 683 (9th Cir. 2006).  If the federal court determines that it lacks jurisdiction, the action

8    shall be remanded back to the state court.  Martin v. Franklin Capital Corp., 546 U.S. 132, 134

9    (2005).

10                          **IV.**

11                   **DISCUSSION**

12         Plaintiff moves to remand this action to state court arguing that her state law privacy and

13    unfair business practices cause of action are not preempted by ERISA.  Defendant counters that

14    Plaintiff's allegations are related to the ERISA plan as she alleges that the medical information

15    was disclosed in the performance of its third party administrator duties under the self-insured

16    health plan established by Harris Ranch.  Plaintiff replies that the parties appear to agree that the

17    analysis in Darcangelo v. Verizon Commc'ns, Inc., 292 F.3d 181, 187 (4th Cir. 2002) should be

18    applied to this case, but differ as to how it applies.

19        **A.**       **Whether this Action is Preempted by ERISA**

20         "Ordinarily, determining whether a particular case arises under federal law turns on the

21    'well-pleaded complaint' rule."  Aetna Health Inc. v. Davila (Davila), 542 U.S. 200, 207 (2004).

22    The existence of federal jurisdiction depends solely on the plaintiff's claims for relief and the

23    plaintiff can choose not to plead independent federal claims to avoid removal to federal court.

24    ARCO Envtl. Remediation, L.L.C., 213 F.3d at 1113-14.  However, an exception to the "well-

25    pleaded complaint" rule exists where a federal statute "wholly displaces the state-law cause of

26    action through complete pre-emption[.]"  Davila, 542 U.S. at 207.

27         State laws that interfere with or are contrary to federal law are invalided by the

28    Supremacy Clause.  Hillsborough County, Fla. v. Automated Medical Laboratories, Inc., 471

1   U.S. 707, 713 (1985).   "Federal preemption occurs when: (1) Congress enacts a statute that

2   explicitly pre-empts state law; (2) state law actually conflicts with federal law; or (3) federal law

3   occupies a legislative field to such an extent that it is reasonable to conclude that Congress left

4   no room for state regulation in that field."   Engine Mfrs. Ass'n v. S. Coast Air Quality Mgmt.

5   Dist., 498 F.3d 1031, 1039 (9th Cir. 2007).   Federal preemption is normally a federal defense to

6   a suit and therefore does not authorize removal of the action to federal court.   Metro. Life Ins.

7   Co. v. Taylor, 481 U.S. 58, 63 (1987).

8           1.      ERISA Preemption

9           ERISA was enacted by Congress to "protect . . . the interests of participants in employee

10  benefit plans and their beneficiaries, by requiring the disclosure and reporting to participants and

11  beneficiaries of financial and other information with respect thereto, by establishing standards of

12  conduct, responsibility, and obligation for fiduciaries of employee benefit plans, and by

13  providing for appropriate remedies, sanctions, and ready access to the Federal courts."   29 U.S.C.

14  § 1001(b).   ERISA's purpose is to provide a uniform regulatory scheme for employee benefit

15  plans.   Davila, 542 U.S. at 208.

16          ERISA expressly states that it supersedes any and all state laws that relate to any

17  employee benefit plan.   29 U.S.C. § 1144(a).   However, the Supreme Court has "held that

18  ERISA pre-emption, without more, does not convert a state claim into an action arising under

19  federal law."   Metro. Life Ins. Co., 481 U.S. at 64.   Therefore, when ERISA is asserted as a

20  defense to a state law claim, that claim is not converted into a federal claim and there is no

21  federal question to provide for removal jurisdiction.   Darcangelo v. Verizon Commc'ns, Inc., 292

22  F.3d 181, 187 (4th Cir. 2002).

23          To achieve its purpose, ERISA includes expansive pre-emption provisions that "are

24  intended to ensure that employee benefit plan regulation would be "exclusively a federal

25  concern."   Davila, 542 U.S. at 208 (quoting Alessi v. Raybestos–Manhattan, Inc., 451 U.S. 504,

26  523 (1981)).   "Congress has clearly manifested an intent to make causes of action within the

27  scope of the civil enforcement provisions of § 502(a) removable to federal court."   Metro. Life

28  Ins. Co., 481 U.S. at 66.   Thus, the Supreme Court has determined that the civil enforcement

provision of ERISA, "completely preempts state law claims that come within its scope and converts these state claims into federal claims under § 502." Darcangelo, 292 F.3d at 187. "[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." Davila, 542 U.S. at 209.

Following the decision in Davila, the Ninth Circuit developed a two-part test to determine if a state law cause of action is completely preempted by ERISA § 502(a). Fossen v. Blue Cross & Blue Shield of Montana, Inc., 660 F.3d 1102, 1107 (9th Cir. 2011). Under Davila and Fossen, "a state-law cause of action is completely preempted if (1) 'an individual, at some point in time, could have brought the claim under ERISA § 502(a)(1)(B),' and (2) 'where there is no other independent legal duty that is implicated by a defendant's actions.' " Fossen, 660 F.3d at 1107-08. Both prongs of the test must be satisfied for there to be complete preemption under the statute. Id. at 1108.

In determining whether Plaintiff's cause of action here are preempted by ERISA, the Court applies the two prong test set forth in Fossen as set forth above. Fossen, 660 F.3d at 1107-08.[1]

---

[1] In addressing the issue of whether preemption applies, the parties both argue that Darcangelo v. Verizon Communications, Inc., 292 F.3d 181 (4th Cir. 2002), provides the legal standards that guide this action. Plaintiff relies on Darcangelo in support her position that the cause of action for invasion of privacy and unfair business practices are not preempted by ERISA. Plaintiff argues that this action is similar to Darcangelo in that Defendant's disclosure of her private information was unrelated to the benefit plan and for the improper purpose of notifying her employer that her health condition was going to incur significant medical expenses so that she could be fired. Defendant contends that unlike Darcangelo the state law cause of action here arose in administering the benefit plan and are therefore preempted by ERISA.

In Darcangelo, the employee alleged that the third party administrator had obtained and disclosed private medical information to assist her employer in efforts to declare her a direct threat to her coworkers so that she could be fired. 292 F.3d at 186. The district court found that, as relevant to the instant action, the state law cause of action for invasion of privacy and unfair business practices under Maryland state law were preempted by ERISA. Id. On appeal, the Fourth Circuit found that the invasion of privacy and unfair business practice cause of action were not preempted because the complaint charged the third party administrator with conduct that was entirely unrelated to its duties under the ERISA plan. Id.

In construing the complaint in the light most favorable to the plaintiff, the Darcangelo court found that plaintiff was alleging that the sole reason the third party administrator solicited her private medical information was to assist her employer in establishing that she posed a threat to her co-workers so that she could be discharged. Darcangelo, 292 F.3d at 188. Based on the allegations in the complaint, the dissemination of plaintiff's medical information did not have anything to do with administering the employee benefits plan. Id. at 189. The court considered that "Congress intended to preempt at least three categories of state law under § 514:(1) laws that

1        **a.       Whether Plaintiff Could Have Brought Her Cause of Action Under ERISA**

2        Initially, the Court addresses the first prong: whether Plaintiff could have brought her

3   cause of action under ERISA.[2]   Fossen, 660 F.3d at 1108.   In the instant complaint, Plaintiff

4   alleges that Defendant HealthComp was the third party administrator for her employee health

5   plan.   (ECF No. 2 at ¶ 2.)   Plaintiff's employer was self-insured and as part of the case

6   management services provided by Defendant, costs are monitored and Defendant notifies an

7   employer when an employee's medical claim costs are rising by informing the employer of the

8   employee's name, medical condition, and approximate cost of future care.   (Id. at ¶ 8.)

9   Defendant issues monthly reports to the employer including the prognosis and potential costs of

10  the prognosis.   (Id.)   Additionally, as part of their case management, Defendant assigns a nurse

11  case manager to the patient.   (Id. at ¶ 9.)   The case manager provided reports of Plaintiff's

12  medical condition to her employer on a monthly basis for approximately nine months.   (Id. at ¶

13  10.)

14        Plaintiff's employee health care plan provides that the Plan can elect, at its discretion to

15  provide case management benefits to an employee on a case by case basis.   (Harris Farms, Inc.

16  Employee Health Care Plan 35, ECF No. 17-2.[3])   A case manager will consult with the patient,

17  family, and attending physician to develop a plan of care for approval by the attending physician

18

19  mandate employee benefit structures or their administration, (2) laws that bind employers or plan administrators to
    particular choices or preclude uniform administrative practices, and (3) laws that provide alternative enforcement
20  mechanisms to ERISA's civil enforcement provisions.   Id. at 190 (citing New York State Conference of Blue Cross
    & Blue Shield Plans v. Travelers Ins. Co., 514 U.S. 645, 655 (1995)).   In respect to the second category of laws, the
21  Darcangelo court found that since plaintiff was alleging conduct entirely outside of the scope of plan administration,
    she was not making a claim for relief that would regulate the structure or process of plan administration.
22  Darcangelo, 292 F.3d at 190.

23  [2] It is noted that most courts addressing ERISA preemption of state law privacy cause of action proceed directly to
    the second prong of the analysis and address whether there is an independent legal duty.   However, based upon the
24  arguments presented by the parties and their reliance on Darcangelo, this Court shall address the first prong:
    whether the cause of action could have been brought under ERISA.

25  [3]In considering jurisdictional issues on a motion to remand, courts look outside the pleadings to other evidence
    submitted by the parties.   Abrego., 443 F.3d at 683 (amount in controversy); Morris v. Princess Cruises, Inc., 236
26  F.3d 1061, 1068 (9th Cir. 2001) (fraudulent joinder); Copeland-Turner v. Wells Fargo Bank, N.A., No. CV-11-37-
    HZ, 2011 WL 996706, at *7 (D. Or. Mar. 17, 2011) (collecting cases); United Food & Commercial Workers Union,
27  Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc., 30 F.3d 298, 305 (2d Cir. 1994).   Accordingly,
    the Court shall consider Defendant's evidence for the limited purpose of deciding if Plaintiff's cause of action in this
28  action are preempted by ERISA.

1    and the patient.  (Id.)  This includes "personal support to the patient; contacting the family to

2    offer assistance and support; monitoring Hospital or Skilled Nursing Facility; determining

3    alternative care options; and assisting in obtaining any necessary equipment and services."  (Id.)

4    "Case management occurs when this alternative benefit will be beneficial to both the patient and

5    the Plan."  (Id.)  "The case manager will coordinate and implement the Case Management

6    program by providing guidance and information on available resources and suggesting the most

7    appropriate treatment plan."  (Id.)  "The Plan Administrator, attending Physician, patient and

8    patient's family must all agree to the alternative treatment plan."  (Id.)

9         In defining the duties to be provided by Defendant HealthComp, the third-party

10   administrator contract provides that HealthComp shall review the plan document and assist in

11   review of any booklets describing the benefits of the plan.  (ECF No. 17-3 at ¶ 3.1.)  Clearly,

12   providing case management services was part of administering the health care plan as Plaintiff

13   alleges in her complaint.

14        Darcangelo recognized that courts have found that "alleged misconduct by an

15   administrator that was clearly undertaken in the course of carrying out duties under a plan" was

16   preempted by ERISA.  Id. at 191; see Griggs v. E.I. DuPont de Nemours & Co., 237 F.3d 371,

17   386 (4th Cir. 2001) (plaintiff's negligent misrepresentation claim preempted by ERISA);

18   Hampers v. W.R. Grace & Co., Inc., 2020 F.3d 44 (1st Cir. 2000) (employee breach of contract

19   claim based on denial of participation in retirement plan preempted by ERISA).  The Darcangelo

20   court stated that if the third party administrator obtained the employee's "medical information in

21   the course of processing a benefits claim or in the course of performing any of its administrative

22   duties under the plan, these claims would be 'related to' the ERISA plan under § 514 and would

23   therefore be preempted.  If, on the other hand, [the third party administrator] was not performing

24   any of its duties as plan administrator, but obtained the information solely to assist [the

25   employer] in establishing that [the employee] posed a threat to her coworkers, then [the

26   employee's state law] claims would not be related to the plan."  Darcangelo, 292 F.3d at 188.

27   Here, Plaintiff alleges that in performing the case management duties under her health care plan,

28   Defendant obtained her health care information which was subsequently provided to her

1  employer.  Pursuant to the analysis in <u>Darcangelo</u> this cause of action is related to her health care

2  plan under § 514.

3        Plaintiff argued at the hearing that the case management plan is illegal and it is the

4  illegality of the plan that is being challenged in this action.  However, the question this Court

5  considers is whether Plaintiff's cause of action comes within the scope of the civil enforcement

6  provisions of § 502(a) which make them removable to federal court.  <u>Metro. Life Ins. Co.</u>, 481

7  U.S. at 66.  Here, Plaintiff is alleging a cause of action for invasion of privacy and unfair

8  business practices in violation of California law based on Defendant's administration of her

9  employee health care plan.  The health care plan provides for case management for employees

10  with health care issues and the question to be addressed here is whether the privacy cause of

11  action based upon the disclosure of Plaintiff's private medical information could have been

12  brought under ERISA.  <u>Fossen</u>, 660 F.3d at 1108

13        Under ERISA, a plan administrator shall discharge its "duties with respect to a plan

14  solely in the interest of the participants and beneficiaries" exclusively for the purpose of

15  "providing benefits to participants and their beneficiaries; and defraying reasonable expenses of

16  administering the plan . . . in accordance with the documents and instruments governing the plan.

17  . . ."  29 U.S.C.A. § 1104(a)(1).  "ERISA explicitly authorizes suits against fiduciaries and plan

18  administrators to remedy statutory violations, including breaches of fiduciary duty and lack of

19  compliance with benefit plans."  <u>Firestone Tire & Rubber Co. v. Bruch</u>, 489 U.S. 101, 110, 109

20  S. Ct. 948, 954, 103 L. Ed. 2d 80 (1989).

21        The <u>Darcangelo</u> court stated:

22        If [plaintiff] is alleging that [the plan administrator], in the course of processing a
          benefits claim or performing some other plan duty, improperly disclosed her

23        private medical information, this would be a claim for breach of fiduciary duty
          under ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1), and § 502(a)(1)-(3), 29 U.S.C.

24        § 1132(a)(1)-(3).  Such a claim would amount to an allegation that [the plan
          administrator], in the course of acting as a fiduciary, that is, in making decisions

25        about "managing assets and distributing property to beneficiaries," <u>Pegram</u>, 530
          U.S. at 231, 120 S.Ct. 2143, had not acted solely in the interests of the

26        participants and beneficiaries, but had acted in the competing interest of [the
          employer]. This would be an impermissible attempt to use state law to "define

27        fiduciary duties or address faulty plan administration," <u>Coyne & Delany</u>, 98 F.3d
          at 1471, and would thus constitute an alternative enforcement mechanism to a

28        breach of fiduciary duty claim under § 502.

9

<u>Darcangelo</u>, 292 F.3d at 193.

Plaintiff's allegations here are unlike the situation in <u>Darcangelo</u> where the employee alleged that her medical information was accessed solely for the purpose of showing that she was a threat to her co-workers.  In this instance, Plaintiff alleges that Defendant received private health information while performing case management duties under the health plan and improperly disclosed them to her employer.  In effect, Plaintiff is alleging that by providing personal medical information to her employer Defendant did not act solely in the interest of the employees and their beneficiaries.  By providing this information, Defendant acted in the competing interest of the employer, to provide the employer with notice that the employee would likely be incurring high medical costs so the employee could be terminated.  <u>Darcangelo</u>, at 193. Plaintiff's privacy and unfair business practice cause of action could be brought as a breach of fiduciary duty claim under § 502.  <u>Id.</u>  Hence, Plaintiff's breach of privacy and unfair business practices cause of action could have been brought under ERISA.  Since Plaintiff could have brought her cause of action under ERISA § 502(a), the first prong is met.  The Court therefore moves to the second prong to determine if the state law cause of action arises independently of ERISA or the plan terms.

>    **b.   Whether the State Law Invasion of Privacy and Unfair Business Practices Cause of Action Arise Independently of ERISA or the Plan Terms**

The second prong of <u>Davila</u> requires the Court to determine if the state-law cause of action "arise independently of ERISA or the plan terms."  <u>Fossen</u>, 660 F.3d at 1110.  "No independent legal duty exists where interpretation of the terms of the ERISA-regulated benefits plan forms an essential part of the claim and where the defendant's liability exists only due to its administration of the ERISA-regulated plan."  <u>Nielsen v. Unum Life Ins. Co. of Am.</u>, 58 F. Supp. 3d 1152, 1162 (W.D. Wash. 2014).

Plaintiff contends that the California Constitution creates a self-executing enforceable right of privacy that was specifically intended to prevent disclosure of personal information. Plaintiff argues that the duties imposed by the California Constitution are wholly independent of the duties imposed by ERISA, and therefore her privacy and unfair business practice cause of

1  action are not preempted by ERISA.

2        Defendant responds that Plaintiff's state law cause of action does not arise independently

3  of ERISA or of the employee health care plan.  Defendant replies that the state law cause of

4  action Plaintiff brings here exists solely because Defendant is the third party administrator of the

5  health care plan.  Defendant only had access to Plaintiff's medical records due to serving as the

6  third party administrator of the plan and it was a direct consequence of serving as the third party

7  administrator that Defendant provided Plaintiff's employer with information regarding her

8  medical conditions.  Defendant asserts that this action arises solely as a result of Harris Farms

9  self-insured health plan and the duties owed to Plaintiff by Defendant are inexorably tied to the

10 Summary Plan Document of the health care plan.

11       In Dishman v. UNUM Life Insurance Co. of America, 269 F.3d 974 (9th Cir. 2001), the

12 defendants similarly argued that ERISA preemption applies because the conduct occurred in

13 administering the ERISA plan; and the Ninth Circuit rejected the argument.  In Dishman, the

14 plaintiff brought a state law cause of action for tortious invasion of privacy in challenging the

15 suspension of disability benefits under an ERISA plan.  The plaintiff claimed that his privacy

16 was invaded when the insurance company hired investigative firms to investigate his disability

17 claims.  Dishman, 269 F.3d at 979.  The district court dismissed his invasion of privacy cause of

18 action assuming that it was preempted by ERISA.  Id.  The plaintiff claimed that the insurance

19 company was vicariously liable for the invasion of privacy because the investigator that it hired

20 elicited private information about his employment status by falsely claiming to be a bank loan

21 officer verifying information that he had supplied; solicited information from his neighbors and

22 friends by representing that he had volunteered to coach a sports team; obtained credit

23 information on him by impersonating him; and falsely identified themselves when they were

24 caught photographing him.  Id.

25       On appeal the Ninth Circuit found that the fact that the conduct occurred in the course of

26 administration of the plan did not create a sufficient relationship to warrant preemption.

27 Dishman, 269 F.3d at 984.  The court found that Congress did not intend to provide blanket

28 immunity from garden variety torts which only peripherally impact daily plan administration.  Id.

1   Based upon <u>Dishman</u>, courts in this circuit have applied a "but for" test holding that preemption

2   can be found if "but for" the denial of the claim of benefits there would have been no grounds for

3   the state law actions.  <u>See</u> <u>Groves v. Kaiser Found. Health Plan Inc.</u>, 32 F. Supp. 3d 1074, 1086

4   (N.D. Cal. 2014) ("The Ninth Circuit has applied a 'but for' standard to assess the relationship

5   between the harm alleged and the ERISA-governed plan for purposes of determining whether a

6   plaintiff is seeking such an alternate enforcement mechanism"); <u>Cao v. Aetna Life Ins. Co.</u>, No.

7   12-CV-0800 BEN NLS, 2012 WL 5944251, at *3 (S.D. Cal. Nov. 26, 2012) (The Ninth Circuit

8   "adopted a 'but for' test, holding that preemption can be found if '[b]ut for the denial of [the

9   claim for benefits], there would have been no grounds for [the] state law actions.' ")

10          The Ninth Circuit requires that the ERISA plan must be the "but for" cause of the harm

11   alleged for the cause of action to be preempted by ERISA.  Generally in applying the "but for"

12   test courts look to whether the state law cause of action would remain "but for" the denial of the

13   claim for benefits as discussed in <u>Dishman</u>.  <u>Dishman</u>, 269 F.3d at 984.  In this instance,

14   Plaintiff's allegations do not relate to processing any claim for benefits.  Therefore, the state law

15   cause of action that Defendant violated Plaintiff's right to privacy would exist regardless of the

16   disposition of any claim for benefits processed by Defendant.  Similarly, the state law cause of

17   action for disclosure of Plaintiff's medical information would exist regardless of the case

18   management undertaken in administering the health plan.

19          To the extent that Defendant argues that the state law cause of action would not exist "but

20   for" the administration of the plan, this is the same argument that has been rejected by the Ninth

21   Circuit in <u>Dishman</u>.  In <u>Dishman</u> there would have been no investigation into the plaintiff's

22   disability claims without the existence of the ERISA plan.  Similarly, here, Defendant would not

23   have obtained Plaintiff's confidential medical information without the existence of the medical

24   plan.  But the Ninth Circuit held this does not create a sufficient relationship to warrant

25   preemption.  <u>Dishman</u>, 269 F.3d at 984.  Therefore, the state law privacy and unfair business

26   practices cause of action do not meet the "but for" test adopted by the Ninth Circuit.  The Court

27   finds that Plaintiff's state law cause of action in this action could be brought if the ERISA plan

28   did not exist.  Therefore, the second prong is not met and Plaintiff's state law cause of action in

1   this action arise independently of ERISA or the plan terms.[4]

2       In order for there to be complete preemption by ERISA, both prongs of the test must be

3   satisfied.  Fossen, 660 F.3d at 1108.  Since the Court finds that the second prong of Davila is not

4   satisfied, Plaintiff's privacy and unfair business practice cause of action are not preempted by

5   ERISA.  Therefore, Plaintiff's motion to remand is granted.

6       **B.    Attorney Fees**

7       Plaintiff seeks $5,040.00 in attorney fees for the cost of bringing this motion to remand

8   due to the improper removal of the action from state court.  Defendant argues that an award of

9   attorney fees should be denied as Plaintiff's cause of action relate to and arose from Section 514

10   of ERISA and removal is proper.

11      Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just

12   costs and any actual expenses, including attorney fees, incurred as a result of the removal."  A

13   finding of bad faith is not a prerequisite to an award of expenses under Section 1447(c).  Moore

14   v. Permanente Medical Group, Inc., 981 F.2d 443, 446 (9th Cir. 1992).  "Section 1447(c)

15   authorizes courts to award costs and fees, but only when such an award is just."  Martin v.

16   Franklin Capital Corp., 546 U.S. 132, 138 (2005).  "Absent unusual circumstances, courts may

17   award attorney's fees under § 1447(c) only where the moving party lacked an objectively

18   reasonable basis for seeking removal."  Id. at 141.

19      In this instance, the Court finds that Defendant had an objectively reasonable basis for

20   removing this action.  While Plaintiff argues that Defendant provided information to Harris

21   Ranch solely to establish that she was a threat to their business due to her expensive medical

22   diagnosis, the Court notes that Harris Ranch is self-insured and the employee health care plan

23

24   [4] The Court has not found, nor do the parties cite, any case that has found a privacy cause of action to be preempted by ERISA.  As in Dishman and Darcangelo, other courts that have addressed a privacy cause of action find that this

25   cause of action is independent of the administration of the ERISA regulated plan.  See Wickens v. Blue Cross of California, Inc., No. 15CV834-GPC JMA, 2015 WL 4255129, at *3 (S.D. Cal. July 14, 2015) (invasion of privacy due to access by third party); Bryant v. Aetna Health of California Inc., No. CV 08-08542DDPPLAX, 2009 WL

26   1303356, at *4 (C.D. Cal. May 8, 2009) (invasion of privacy by providing address to ex-spouse in claims communication); Duran v. Cisco Sys., Inc., No. CV083337CAS(JTLX), 2008 WL 4793486, at *4 (C.D. Cal. Oct.

27   27, 2008) (negligence by allowing third party to access personal information); Ray v. Value Behavioral Health, Inc., 967 F. Supp. 417, 423 (D. Nev. 1997) ("claims for negligence, invasion of privacy and infliction of emotional

28   distress are exactly the sort of generally applicable personal injury laws that § 514 of ERISA does not preempt").

1    clearly provides for case management services.  The information at issue in this action was

2    obtained by Defendant in the case management services provided under the plan as discussed

3    above.  This distinguishes the action from <u>Darcangelo</u> where the plaintiff's medical information

4    was provided solely to establish that the plaintiff was threat to other employees.  Further,

5    <u>Darcangelo</u> recognized that a state law cause of action such as this would be an alternative

6    enforcement mechanism to a breach of fiduciary duty claim under § 502.  <u>See</u> <u>Darcangelo</u>, 292

7    F.3d at 193.  This Court has found that Plaintiff's allegations of harm in this action could have

8    been brought as a breach of fiduciary duty claim under § 502.

9         Additionally, the Court finds no factually similar case that addresses a disclosure of

10   private medical information by the third party administer to the health care plan.  Nor have the

11   parties provided a Ninth Circuit or Supreme Court case that has addressed a third party

12   administrator reporting costs where an employer is self-insured.  "After nearly three decades of

13   judicial interpretation, ERISA preemption remains a fertile ground for litigation, reflecting the

14   difficulty that courts have had in defining the scope and application of ERISA preemption

15   principles."  Paul J. Schneider & Brian M. Pinheiro, <u>ERISA: A Comprehensive Guide</u> § 9.05

16   (4th Ed. 2014 Supp.).

17        Plaintiff's complaint alleges that the information was disclosed as part of the case

18   management agreement between Defendant and her employer.  While ultimately this Court finds

19   that Plaintiff's state law cause of action that medical information was disclosed in administrating

20   the health plan is not preempted by ERISA, the Court finds that a reasonable litigant in

21   Defendant's position could have concluded that federal jurisdiction was proper because the

22   information was disclosed in conjunction with the case management agreement between

23   Defendant and the employer.

24        Accordingly, Plaintiff's motion for attorney fees is denied.

25                           **V.**

26   **CONCLUSION AND ORDER**

27        Based on the foregoing, IT IS HEREBY ORDERED that:

28        1.       Plaintiff's motion to remand is GRANTED;

2.      Plaintiff's motion for attorney fees is DENIED;

3.      This action is REMANDED to the Superior Court of California for the County of

Fresno; and

4.      The Clerk of the Court is DIRECTED to close this action.

IT IS SO ORDERED.

Dated:  **August 10, 2015**

_____
UNITED STATES MAGISTRATE JUDGE